IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02140-GPG

LINDA S. RAYNOR,

    Plaintiff,

v.

DEP'T OF SOCIAL SECURITY, Washington D.C., et al.,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Linda S. Raynor has filed *pro se* a Complaint.  The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint if she wishes to pursue her claims in this action.

    The Court finds that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062,

1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to provide a short and plain statement of her claims showing that she is entitled to relief. In particular, Plaintiff fails to allege when and the reason her administrative claim for social security disability was denied and why she believes that decision was erroneous. Assuming Plaintiff is proceeding under 42 U.S.C. § 405(g) and seeking judicial review of a decision by the Commissioner of Social Security denying her claim for social security disability benefits, she fails to assert the reason her claim was denied, whether she received a decision on her appeal, and why she believes the decision was erroneous. Furthermore, the Commissioner of Social Security is the properly named defendant.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff will be ordered to file an Amended Complaint if she wishes to pursue her claims. If available, Plaintiff should attach to the Amended complaint a copy of the administrative law judge's (ALJ's) decision denying her claim and when she received notification that the Appeals Council would not

review the ALJ's decision.

If Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action may be dismissed without prejudice. However, Plaintiff is warned that, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013). Pursuant to Section 405(g) of the Social Security Act, a civil action must be commenced by a plaintiff "within sixty days after the mailing to him of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the appropriate Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order as directed, the action may be dismissed without further notice.

DATED September 29, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge