IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02140-GPG

LINDA S. RAYNOR,

    Plaintiff,

v.

DEP'T of SOCIAL SECURITY,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff Linda S. Raynor, acting *pro se*, initiated this action by filing a Complaint. The only claims Plaintiff asserted in the original complaint, under paragraph 5., is that the "case is very badley [sic] done by SSI losing files, information for last couple of years" and that her physical condition does not allow her to work.   Compl., ECF No. 1, at 2.   Under paragraph 4., Plaintiff refers to an attachment that she apparently intended to use as a statement of the basis for jurisdiction in this case.   Plaintiff attached two pages that are copies of 18 U.S.C. §§ 1590 and 1962, which are criminal statutes and are not proper statutory authorities for a denial of a social security disability benefits claim. Furthermore, Plaintiff stated she seeks back pay for SSI "screw up."   ECF No. 1 at 6.

    Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 3, that was granted on September 29, 2015.   Magistrate Judge Gordon P. Gallagher entered an order on September 29 that directed Plaintiff to file an Amended Complaint and to comply with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."

The Court agrees with Magistrate Judge Gallagher that Plaintiff failed to comply with Rule 8 and an amended complaint was needed to correct the Rule 8 deficiencies. Plaintiff failed to assert the jurisdiction for her claims; and if she is challenging the denial of social security disabilities, pursuant to 42 U.S.C. § 405(g), she failed to state why her administrative claim for social security disability was denied and the reason the decision is erroneous.

On October 19, 2015, Plaintiff filed an Amended Complaint. This time, Plaintiff states that she has things wrong with her that requires Social Security to pay her. Am. Compl., ECF 6, at 2. Plaintiff further asserts that she has a bad disk, bad knees, five metal clamps, and a net and plug from a hernia surgery in 2000. *Id.* Plaintiff, however, fails to assert any claims and state, as she was directed to do in the September 29 Order, the reason her administrative claim for social security disability was denied and why she

believes that decision was erroneous.   Rather than state any claim, Plaintiff attaches two reports from a doctor, one dated March 12, 2014, and the other dated June 3, 2014, regarding her disk disease.   Finally, Plaintiff states that jurisdiction is proper because a federal court has jurisdiction over social security.

Even if the Court finds proper jurisdiction for Plaintiff's claims pursuant to 42 U.S.C. § 405(g), based on Plaintiff's claim that jurisdiction is proper because federal courts have authority over social security, she has failed to comply with Fed. R. Civ. P. 8, as she was directed to do in the September 29, 2015 Order, and state the reason her administrative claim for social security disability was denied and why she believes that decision was erroneous.   Therefore, the action will be dismissed without prejudice for failure to comply with a Court order.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   3rd   day of   November   , 2015.

BY THE COURT:

　s/Lewis T. Babcock　
LEWIS T. BABCOCK, Senior Judge
United States District Court